# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

SHAWN FLY SMITH        ]
      Petitioner,       ]
                          ]
v.                       ]         No. 3:06-0952
                          ]         Judge Trauger
TONY PARKER, WARDEN    ]
      Respondent.     ]

## M E M O R A N D U M

The petitioner, proceeding *pro se*, is an inmate at the West Tennessee State Penitentiary in

Henning, Tennessee. He brings this action pursuant to 28 U.S.C. § 2254 against Tony Parker,

Warden of the facility, seeking a writ of habeas corpus.

In August, 1996, a jury in Davidson County found the petitioner guilty of first degree murder

and two counts of attempted murder. For these crimes, he received an aggregate sentence of life

imprisonment plus twenty five (25) years. Docket Entry No. 21; Addendum No. 1 at pgs. 43, 77-78.

On direct appeal, the Tennessee Court of Criminal Appeals affirmed the convictions. Docket Entry

No. 21; Addendum No. 5. Later, the Tennessee Supreme Court denied petitioner's application for

further review. Docket Entry No. 21; Addendum No. 7.

A *pro se* petition for state post-conviction relief was then filed in the Criminal Court of

Davidson County. Docket Entry No. 21; Addendum No. 8 at pgs. 1-23. Counsel was appointed to

represent the petitioner and an amended post-conviction petition was filed on the petitioner's

Case 3:06-cv-00952   Document 22   Filed 06/27/07   Page 1 of 9 PageID #: 1927

behalf.[1] The trial court denied the post-conviction petition. Docket Entry No. 21; Addendum No. 8 at pgs. 132-140. On appeal, the Tennessee Court of Criminal Appeals affirmed the denial of post-conviction relief. Docket Entry No. 21; Addendum No. 11. The Tennessee Supreme Court once again rejected the petitioner's application for additional review.

On September 28, 2006, the petitioner filed the instant petition for writ of habeas corpus.[2] Docket Entry No. 1. The petition sets forth eighteen (18) claims for relief. These claims include:

> (1)  the petitioner was denied due process when he was not given a post-conviction evidentiary hearing;
>
> (2)  the petitioner was denied his right to the effective assistance of counsel when
>> a) trial counsel did not adequately investigate the case;[3]
>> b) counsel did not confer with the petitioner often enough prior to trial;
>> c) counsel neglected to formulate a defense strategy;
>> d) counsel should have sought a continuance to prepare for trial;
>> e) counsel failed to challenge a potentially biased juror;
>> f) counsel neglected to interview and call alibi witnesses suggested to him by the petitioner;
>> g) by failing to make contemporaneous objections,

---

[1] In fact, at one time or another during the course of his post-conviction proceedings, the petitioner was represented by six different attorneys. Docket Entry No. 21; Addendum No. 8 at pg. 133.

[2] The petition was stamped by the Clerk's Office as filed on October 6, 2006. However, a pleading from a prisoner is considered filed on the date that it is given to prison officials for posting. Houston v. Lack, 487 U.S. 266 (1988). In this case, the petition was signed and dated on September 28, 2006. The earlier date is presumably the same day that the petition was given to prison officials for mailing.

[3] At trial, the petitioner was represented by Carlton Lewis, a member of the Davidson County Bar. During sentencing, the petitioner physically assaulted Mr. Lewis and was removed from the courtroom. Docket Entry No. 21; Addendum No. 5 at pg. 12.

2

counsel waived without petitioner's consent several issues arising at trial;

h) counsel failed to object to jury instructions regarding the burden of proof, the mental and criminal histories of prosecution witnesses, lesser included offenses and accomplice testimony;

i) counsel should have objected to the introduction of photos depicting "multiple guns not related to the crime";

j) during the motion for new trial, counsel refused to raise specific claims regarding the ineffectiveness of trial counsel;[4]

k) counsel misinformed the petitioner that he could not testify at the hearing on his motion for new trial;

l) on direct appeal, counsel refused to raise certain ineffective assistance claims that the petitioner had against Lewis and Hoover;[5]

(3)     the petitioner is actually innocent of the charges;

(4)     the petitioner was a victim of prosecutorial misconduct when the prosecutor

a) offered a witness (Vera Ashby) a "Sweetheart Deal" not to testify for the petitioner;

b) during closing argument, vouched for the credibility of two prosecution witnesses (Hayes and Jordan);

c) referred to the defendants in closing argument as "Mafia Smith Family"; and

(5)     the convictions are void because the Affidavit of Complaint was not signed by a judicial officer, judge or magistrate.

Upon preliminary review of the petition, it appeared that this action was untimely.

Accordingly, an order (Docket Entry No. 3) was entered directing the petitioner to show cause why

---

[4] Larry Hoover, a member of the Davidson County Bar, was appointed to represent the petitioner while the trial court considered his motion for a new trial.

[5] On direct appeal, the petitioner was represented by John Herbison of Nashville.

3

his petition should not be denied for that reason. The petitioner filed a response (Docket Entry No. 6) to the order, from which the Court determined that the limitation period had been equitably tolled so as to allow the late filing of this action. An order (Docket Entry No. 7) was entered directing the respondent to file an answer, plead or otherwise respond to the petition. Rule 4, Rules - - - § 2254 Cases.

Presently pending before the Court is the respondent's Answer (Docket Entry No. 20), to which the petitioner has filed nothing in response. Upon consideration of the Answer and the expanded record, it appears that an evidentiary hearing is not needed in this matter. *See* Smith v. United States of America, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled to no relief). Therefore, the Court shall dispose of the petition as the law and justice require. Rule 8(a), Rules - - - § 2254 Cases.

The petitioner has alleged that he was denied due process when his post-conviction petition was dismissed without an evidentiary hearing (Claim No. 1). In order to sustain a claim for federal habeas corpus relief, the petitioner must set forth factual allegations suggesting that his convictions are in some way constitutionally defective. 28 U.S.C. § 2254(a); Koontz v. Glossa, 731 F.2d 365, 368 (6th Cir. 1984). A state is not constitutionally required to provide a convicted felon with the means by which he can collaterally attack his convictions. Pennsylvania v. Finley, 107 S.Ct. 1990, 1994 (1987). Thus, a federal writ of habeas corpus will not issue when a petitioner is merely challenging errors or deficiencies arising from a state post-conviction proceeding. Kirby v. Dutton, 794 F.2d 245 (6th Cir. 1986). Therefore, petitioner's claim relating to his post-conviction proceeding will not support an award of habeas corpus relief.

A federal district court will not entertain a petition for writ of habeas corpus unless the

petitioner has first exhausted all available state court remedies for each claim in his petition. <u>Cohen v. Tate</u>, 779 F.2d 1181, 1184 (6th Cir.1985).While exhaustion is not a jurisdictional requirement, it is a strictly enforced doctrine which promotes comity between the states and federal government by giving the state an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights. <u>Granberry v. Greer</u>, 107 S.Ct. 1671, 1674-1675 (1987). Thus, as a condition precedent to seeking federal habeas corpus relief, the petitioner is required to fairly present his claims to the state courts. <u>Rose v. Lundy</u>, 102 S.Ct. 1198, 1205 (1982). Once his federal claims have been raised in the highest state court available, the exhaustion requirement is satisfied, even if that court refused to consider the claims. <u>Manning v. Alexander</u>, 912 F.2d 878, 883 (6th Cir. 1990).[6]

A review of the record shows that several of the petitioner's claims, i.e., Claim Nos. 2(a-h, j-l), 3[7], 4(a) and 5, were never offered to the state courts for consideration. *See* Docket Entry No. 21; Addenda Nos. 3 and 9. Unfortunately, at this late date, state court remedies for these claims are no longer available. *See* Tenn. Code Ann. § 40-30-202(a). Thus, by way of procedural default, the petitioner has technically satisfied the exhaustion requirement. <u>Alley v. Bell</u>, 307 F.3d 380, 385 (6th Cir. 2002)(if an unexhausted claim would be procedurally barred under state law, that claim is procedurally defaulted for purposes of federal habeas corpus review).

Nevertheless, to prevent a federal habeas corpus petitioner from circumventing the exhaustion requirement in such a manner, the Supreme Court has held that a petitioner who fails to

---

[6] In Tennessee, a petitioner need only take his claims to the Tennessee Court of Criminal Appeals in order to fully exhaust his available state court remedies. Rule 39, Tenn. Sup. Ct. Rules; <u>Adams v. Holland</u>, 324 F.3d 838 (6th Cir. 2003).

[7] In any event, a claim of actual innocence is insufficient to support an award of federal habeas corpus relief, "absent an independent constitutional violation occurring in the underlying state criminal proceeding." <u>Herrera v. Collins</u>, 506 U.S. 390, 400 (1993).

5

comply with state rules of procedure governing the timely presentation of federal constitutional issues forfeits the right to federal review of those issues, absent cause for the noncompliance and some showing of actual prejudice resulting from the alleged constitutional violations. <u>Wainwright v. Sykes</u>, 97 S.Ct. 2497, 2505 (1977); <u>Engle v. Isaac</u>, 102 S.Ct. 1558, 1573 (1982).

The petitioner has shown neither cause for his failure to properly exhaust these claims nor any prejudice arising from them. Therefore, his procedural default of these claims is unexcused and will not support an award of habeas corpus relief.

The petitioner's remaining claims, i.e., trial counsel's failure to object to the introduction of photographs (Claim No. 2i) and two instances of prosecutorial misconduct (Claim Nos. 4b-c) were fully litigated in the state courts and were found to be lacking in merit. When a claim has been adjudicated on the merits in state court, the state court adjudication will not be disturbed unless it resulted in a decision contrary to clearly established federal law or involved an unreasonable application of federal law in light of the evidence. 28 U.S.C. § 2254(d); <u>Nevers v. Killinger</u>, 169 F.3d 352, 357 (6th Cir.1999). In order for a state adjudication to run "contrary to" clearly established federal law, the state court must arrive at a conclusion opposite to that reached by the United States Supreme Court on a question of law or decide a case differently than the United States Supreme Court on a set of materially indistinguishable facts. To grant the writ for an "unreasonable application" of federal law, the petitioner must show that the state court identified the correct governing legal principle involved but unreasonably applied that principle to the facts of the case. <u>Williams v. Taylor</u>, 120 S.Ct. 1495, 1523 (2000). In short, state court judgments must be upheld unless, after an examination of the state court judgment, the Court is firmly convinced that a federal constitutional right has been violated. <u>Id</u>., at 120 S.Ct. 1511.

Case 3:06-cv-00952   Document 22   Filed 06/27/07   Page 6 of 9 PageID #: 1932

The petitioner claims that trial counsel was ineffective because he failed to offer a contemporaneous objection to the introduction of some photos depicting weapons and ammunition. The Sixth Amendment provides that a criminal defendant is entitled to the effective assistance of counsel. McMann v. Richardson, 90 S.Ct. 1441, 1449, n. 14 (1970). To establish a violation of this right, the petitioner bears the burden of pleading and proving that his attorney's performance was in some way deficient and that the defense was prejudiced as a result of the deficiency. Strickland v. Washington, 104 S.Ct. 2052 (1984). To demonstrate a deficiency in representation, the petitioner must show that his attorney failed to act within "an objective standard of reasonableness". Id, at 104 S.Ct. 2052. Prejudice is established by showing that counsel's error was so egregious as to render the result of the trial unreliable or the proceeding fundamentally unfair. Lockhart v. Fretwell, 113 S.Ct. 838, 842 (1993).

The state appellate court determined that the introduction of the photos was, at its worst, harmless error. Docket Entry No. 21; Addendum No. 5 at pg. 13. As a consequence, any failure on the part of counsel to object to the photos could not have prejudiced the petitioner to the extent that he was denied a fundamentally fair trial. Id., at pg. 16. The state courts applied the holding of Strickland, supra, to petitioner's ineffective assistance claim and found that counsel had, under the circumstances, acted reasonably and in a manner that did not prejudice the defense. The record supports these findings. Therefore, it does not appear that the petitioner was denied his right to the effective assistance of counsel.

The petitioner's final claims allege that, during closing argument, the prosecutor should not have vouched for the credibility of two prosecution witnesses (Claim No. 4b) or referred to the defendants as the "Mafia Smith Family" (Claim No. 4c).

7

In order to obtain habeas corpus relief, prosecutorial misconduct must be so egregious as to deny the petitioner a fundamentally fair trial. Donnelly v. DeChristoforo, 416 U.S. 637, 643-645 (1974). On direct appeal, the Court of Criminal Appeals noted that the prosecutor had commented in closing as to the credibility of some witnesses. It addressed this issue as follows :

> We have carefully studied the comments made
> by the prosecution regarding witness credibility.
> Read in context, it is apparent the prosecutor's
> argument is intended to commend the credibility
> of Hayes and Jordan to the jury based upon the
> evidence of record, particularly the fact that the
> witnesses made statements against interest by
> implicating themselves in criminal activity. "I submit"
> language was used. In this case, the credibility of
> the state's witnesses was ably challenged by the
> defense on cross examination. Resolution of conflicting
> evidence was key to the determination of guilt; thus,
> credibility of witnesses was an important issue which
> the state deserved the ability to comment upon within
> bounds. We fail to see any misconduct with respect
> to these portions of the state's closing argument.

Docket Entry No. 21; Addendum No. 5 at pgs. 10-11.

The appellate court further found that the prosecutor's reference to the defendants as the "Mafia Smith Family" was inflammatory and improper. However, it was determined that the improper comments did not prejudice the defense because they "were brief and have little significance in the context of the entire argument." Id., at pg. 11.

Having carefully reviewed the record, the Court does not believe that the prosecutor's ill advised comments in any way denied the petitioner a fundamentally fair trial. *See e.g.,* Wilson v. Mitchell, 250 F.3d 388, 399 (6th Cir. 2001)(improper vouching constituted misconduct but was harmless error). Thus, the prosecutor's alleged misconduct did not rise to the level of a constitutional violation.

8

The petitioner has offered no clear and convincing evidence to rebut the presumption of correctness that must be accorded the factual findings made by the state courts. 28 U.S.C. § 2254(e)(1). Nor has the petitioner demonstrated in what way the legal analysis of the state courts runs contrary to federal law. Accordingly, this Court finds that the state court adjudication of petitioner's fully exhausted claims was neither contrary to nor an unreasonable application of federal law. Consequently, petitioner's remaining claims have no merit.

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge